UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDY RENE PALMA-ESPINAL,

Petitioner,

v.

DAN HILLEREN, Warden,

Respondent.

Civil No. 09-3316 (DWF/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.     BACKGROUND**

In September 2003, Petitioner was convicted in the state district court for Washington County, Minnesota, on a charge of attempting to escape from the Washington County Jail. He was sentenced to a prison term of "12 Months and one day." (Petition, [Docket No. 1], p. 1.) Petitioner is currently incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota.[2]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Petitioner has also been convicted for another crime that he committed before his attempted escape conviction. See State v. Espinal, No. A03-804 (Minn.App. 2004), 2004 WL 1729965 (unpublished opinion), rev. denied, Oct. 19, 2004. Petitioner's sentence for his attempted escape conviction apparently was designated to run consecutive to his sentence for his other offense. As a result, Petitioner is still in custody for the attempted escape offense at issue here.

Petitioner challenged his attempted escape conviction in a direct appeal that raised several claims for relief, including – insufficiency of the evidence, denial of a suitable interpreter, and wrongful exclusion of certain witnesses and evidence. The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence on direct appeal. State v. Palma Espinal, No. A03-1967 (Minn.App. 2004), 2004 WL 2093508 (unpublished opinion) [hereafter "Espinal I"]. The Minnesota Supreme Court denied Petitioner's application for further review on December 14, 2004. Id.

On April 5, 2007, Petitioner filed a post-conviction motion in the state trial court. ("Memorandum In Support Of 28 USC 2254 Motion Of Pro-Se Mr. Fredy Rene Palma-Espinal," [Docket No. 2], [hereafter "Petitioner's Memorandum"], p. 12.) Petitioner's post-conviction motion presented several new claims for relief, including "unfair trial, ineffective assistance of counsel trial/appellate, prosecutorial misconduct, [and] court trial error." (Petition, p. 2, § 10.(3).) The trial court denied Petitioner's post-conviction motion on May 14, 2007, but Petitioner did not receive notice of that ruling until September 4, 2007. (Petitioner's Memorandum, p. 12.)

Petitioner promptly attempted to appeal the trial court's ruling on his post-conviction motion, but the Minnesota Court of Appeals rejected the appeal due to untimeliness. (Id.) That decision was later reversed by the Minnesota Supreme Court, and the case was remanded to the Court of Appeals, with instructions to consider Petitioner's post-conviction appeal. (Id., p. 13.) Thereafter, the Minnesota Court of Appeals considered and rejected Petitioner's post-conviction claims on the merits. Espinal v. State, No. A07-1906 (Minn.App. 2009), 2009 WL 510847 (unpublished opinion) [hereafter "Espinal II"]. The Minnesota Supreme Court denied Petitioner's subsequent petition for further review on May 19, 2009. (Id.)

2

Petitioner's current federal habeas corpus petition was filed on November 20, 2009. This petition lists four claims for relief, which Petitioner has summarized as follows:

(1) "Ineffective assistance of counsel."

(2) "Denial of RIGHT TO APPEAL."

(3) "Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled."

(4) "Unconstitutional failure by the prosecutor to disclose to the Defendant evidence favorable to the defendant."

(Petition, pp. (3) - (5), ¶ 12.)

Petitioner's current habeas corpus claims cannot be addressed on the merits, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.[3]

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

[3] The Court notes, however, that Petitioner's "denial of right to appeal" claim plainly has no merit. That claim pertains to Petitioner's state post-conviction proceedings, which the Minnesota Court of Appeals initially declined to review based on untimeliness. Ultimately, however, Petitioner's post-conviction claims were given a full appellate review in Espinal II. Therefore, Petitioner obviously was not denied his "right to appeal."

The Court also notes that Petitioner's third and fourth grounds for relief – pertaining to the composition of the jury panel, and the prosecution's alleged failure to disclose evidence to the defense – are not mentioned in either Espinal I or Espinal II. This suggests that these two claims may not have been fairly presented to the Minnesota state appellate courts. If that is correct, then Petitioner has failed to exhaust his state court remedies as to those two claims, and they could not be considered in the current habeas corpus action in any event. See 28 U.S.C. § 2254(b).

3

court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.[4]

---

[4] In Ground Four of the current habeas corpus petition, Petitioner alleges that the prosecution failed to disclose certain allegedly "favorable" evidence. However, the petition does not clearly identify that evidence, and it does not show how or when Petitioner allegedly discovered that evidence. Thus, the Court finds nothing in Ground Four of the petition that could effect the date when the statute of limitations began to run in this case.

4

Therefore, the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on December 14, 2004. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1.

Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on March 14, 2005 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal in Espinal I. The statute of limitations expired one year later, on March 14, 2006. Because Petitioner did not file his current petition until November of 2009, which was more than three-and-a-half years after the statute of limitations deadline, this action is time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the federal habeas statute of limitations had already expired in this case long before Petitioner filed his post-conviction motion in the state trial court. The statute of limitations expired on March 14, 2006, and Petitioner did not file his state post-conviction motion until April 5, 2007 – more than a full year after the federal habeas limitations period had expired. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Petitioner's post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, in March 2006, it could

6

not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion.[5]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460,

---

[5] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on March 14, 2006. However, Petitioner did not file his current petition until November 20, 2009 – more than three-and-a-half years after the statute of limitations deadline.

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not seek post-conviction relief in the state courts until April 2007, which was more than a year after the federal statute of limitations had already expired. The Court has further found that equitable tolling cannot be applied here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and that this action must be summarily dismissed with prejudice.

Lastly, the Court notes that Petitioner has filed an application for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 4.) Having determined that this action must be summarily dismissed due to untimeliness, the Court will further recommend

that Petitioner's pending IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's motion to proceed in forma pauperis, (Docket No. 4), be DENIED;

3. This action be DISMISSED WITH PREJUDICE.

Dated: November 30, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 18, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.